978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John H. DAVIS, Plaintiff-Appellant,
v.
Gary ALEXANDER; Jack Graham; Mary Faulk; Wendy Holden;
Office of Risk Management; Department of General
Administration, Defendants-Appellees.
 No. 91-36218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John H. Davis, a native of Pakistan, appeals pro se the district court's summary judgment in favor of his former employer, the Office of Risk Management[1] and his supervisors (defendants) in his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. In his complaint, Davis claimed that his job classification and pay were not commensurate with his job responsibilities, and that he was denied a promotion, all in retaliation for his prior lawsuits and because of his race. The district court found that the changes in Davis' job description and the adverse employment actions were based on legitimate nonpretextual business decisions, and were not done to retaliate against Davis or to discriminate against him on the basis of his race. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Davis is a native of Pakistan. From August 1983 to July 1986, he was employed by the Washington State Office of Financial Management (OFM). Davis repeatedly requested a promotion or upgrade in his position. In response to these requests the personnel department reviewed Davis' position. In June 1984, the personnel department reallocated Davis' position from Financial Systems Analyst to Tort and Sundry Claims Representative at a lower salary range. In 1986 the Washington legislature passed legislation transferring Davis' position, among others, from the OFM to the Department of General Administration Office of Risk Management (ORM). In April 1985, Davis filed suit in state court for racial discrimination. The suit was tried in June 1987 and incorporated all events up to and including Davis' transfer to the ORM in 1986. The state court found no evidence of racial discrimination in the reallocation of Davis' position, in the denial of promotions, nor in Davis' transfer to the ORM.
 
 
 5
 In January 1989, Davis filed a complaint with the Washington State Human Rights Commission claiming the following actions were based on racial discrimination and retaliation for his 1985 suit: (1) his position in the OFM was reallocated downward and was transferred to the ORM; (2) he was given an unjustified poor performance review in 1988 by the ORM; (3) he was denied a promotion to Tort Claims Investigator; (4) he received a "corrective action memo" which contained inaccurate information; (5) he was denied subsequent promotions while Caucasians were granted promotions.
 
 
 6
 In May 1989, Davis resigned his position with the ORM. In July 1990, he filed the present action.
 
 II
 Discussion
 
 7
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading, Inc. v. Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992). The ultimate question of discrimination is a finding of fact which we review for clear error. Fragante v. City and Cty. of Honolulu, 888 F.2d 591, 594 (9th Cir.) (citation omitted), cert. denied, 494 U.S. 1081 (1990).
 
 A. Racial Discrimination
 
 8
 To prevail in a Title VII case for disparate racial treatment, the plaintiff must show that he was "singled out and treated less favorably than others similarly situated on account of race." Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 537 (9th Cir.1982). The plaintiff bears the initial burden of establishing a prima facie case of intentional discrimination. Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 
 9
 To establish a prima facie case of intentional discrimination sufficient to foreclose summary judgment, the plaintiff must identify actions by the employer, that if unexplained, give rise to an inference of discriminatory conduct. Id. "Once the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason for the adverse action.' " Fragante, 888 F.2d at 595 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). If the employer presents legitimate reasons for its actions, the burden shifts back to the plaintiff to show that the purported reasons are merely a pretext for discrimination. Fragante, 888 F.2d at 595.
 
 1. Denial of Promotion
 
 10
 Assuming, as did the district court, that Davis established a prima facie case that he was denied a promotion because of his race, it is clear from the record that the defendants have articulated a legitimate nondiscriminatory reason for denying Davis the promotion to the Tort Claims Investigator position he sought. In support of their motion for summary judgment, defendants submitted an affidavit detailing the superior qualifications and experience of the Caucasian employee who was promoted to this position instead of Davis. Davis has failed to show that defendants' reason for denying him the promotion was a pretext for invidious discrimination. Accordingly, the district court's finding of no discrimination in the defendants' failure to promote Davis was not clearly erroneous, and the grant of summary judgment on this claim was proper. See Fragante, 888 F.2d at 599 ("an employer's decision may be justified by the hired employee's superior qualifications unless the purported justification is a pretext for invidious discrimination").
 
 2. Other Adverse Actions
 
 11
 Davis' claim that defendants' other adverse actions were motivated by race is not supported by the record. Rather, the record indicates that the actions of defendants' which Davis perceived as motivated by race, were in reality mandated by the legislative changes which substantially affected all employees within the ORM.
 
 
 12
 It is clear that Davis could not show that he was singled out and treated less favorably than others similarly situated on account of race because Davis' position as Tort and Sundry Claims representative was unique and dissimilar from all other jobs within his department. Davis does not, however, present any evidence to support his assertions that his poor performance review and the corrective action memo he received were the result of discriminatory motive. Thus, Davis has failed to show disparate racial treatment with regard to these adverse actions, and summary judgment was properly granted for the defendants on this claim. See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988).
 
 B. Retaliation
 
 13
 To establish a prima facie case of discriminatory retaliation, the plaintiff must show that: (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there is a causal link between the adverse employment action and the protected activity. Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1411 (9th Cir.1987).
 
 
 14
 Here, Davis has shown that by filing prior lawsuits against the OFM alleging racial discrimination, he engaged in protected activity. Davis has also shown that he was subjected to adverse employment actions by the defendants. Davis has failed to show, however, that the adverse employment actions were somehow due to his having filed the prior lawsuits. Davis has presented no evidence to support his claim of retaliation. In affidavits submitted by defendants in support of their motion for summary judgment, defendants state that they did not know of Davis' prior lawsuits against the OFM until Davis told them of the suits, and that they did not communicate with the defendants in those prior suits. Thus, Davis has failed to show a retaliatory motive in the defendants' employment actions, and the district court properly granted summary judgment for the defendants on this claim. See Jurado, 813 F.2d at 1411-12.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Office of Risk Management is a division of the Washington State Department of General Administration